

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FREDDIE LEE MCRAE,<br><br>Defendant. | No. 1:19-CR-268-LMB |

PLEA AGREEMENT

G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, Freddie Lee McRae; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count Two, Count Six, and Count Nine of the Superseding Indictment, each of which charges the defendant with Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The maximum penalties for each of these three counts are: a mandatory minimum term of imprisonment of seven (7) years to be served consecutively with any other term of imprisonment imposed, a maximum term of life in prison, a fine of $250,000, full restitution, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C § 3013, and a maximum supervised release term of five (5) years. The defendant understands that he faces a mandatory minimum term of seven (7) years of incarceration on each of the three counts and that each count must run consecutively to the others, resulting in a mandatory minimum of twenty-one (21) years in prison and a maximum of life in prison. The defendant

understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

3. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of U.S.S.G. § 1B1.2(c).

4. **Assistance and Advice of Counsel**

The defendant is satisfied that his attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c. the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

2

      d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 5. Sentencing Guidelines, Recommendations, and Roles

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual that the defendant may have received from his counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant stipulate and will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

| Guideline(s) | Description | Offense Level |
|---|---|---|
| § 2K2.4(b) | [Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes]<br><br>For a violation of 18 U.S.C. § 924(c)(1)(A)(ii), the guideline sentence is the minimum term of imprisonment required by statute, which is seven (7) years per count to run consecutively to any other count. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to such count of conviction.<br><br>Because the defendant is pleading to three such counts, the parties stipulate and will recommend to the Court that the defendant be sentenced to twenty-one (21) years in prison, which is both the total mandatory minimum term required by statute and the total sentence under the applicable guideline provision. | N/A |

The United States and the defendant further agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement.

4

6. **Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

7. **Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Superseding Indictment or Statement of Facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Superseding Indictment as an offense or described in the Statement of Facts. In such a prosecution, the United States may allege and prove conduct described in the Superseding Indictment or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16(a).

5

### 8. Prosecution in Other Jurisdictions

The U.S. Attorney's Office for the Eastern District of Virginia represents that it has contacted the U.S. Attorney's Office for the District of Columbia, the U.S. Attorney's Office for the District of Maryland, the Arlington County Commonwealth's Attorney's Office, the Alexandria Commonwealth's Attorney's Office, and the Fairfax County Commonwealth's Attorney's Office, and those jurisdictions have agreed to abide by the terms of this agreement (i.e., not to prosecute the defendant for the offenses charged in the Superseding Indictment or described in the Statement of Facts).

### 9. Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the defendant's pleas of guilty, the United States will move to dismiss the remaining counts of the Superseding Indictment pending against the defendant at the conclusion of the defendant's sentencing hearing.

### 10. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in § 3613. Within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all

monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

**11.    Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**12.    Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in § 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that, at a minimum, the following victims have suffered the losses identified below and are entitled to restitution:

7

| Victim | Restitution Amount |
|---|---|
| Wells Fargo | $8,750 |
| Burke & Herbert Bank | $1,366 |
| BB&T Bank | $2,181 |
| Capital One | $8,998 |
| Legend Kicks & Apparel | $2,160 |

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m).

13. **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any firearms-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any firearm(s) or ammunition used in or involved in the offenses. The defendant agrees that the assets subject to forfeiture include, but are not limited to, the following specific property: (1) one Smith & Wesson MP Shield 9mm firearm, Serial #HZX2362, and (2) 34 rounds of 9mm Luger ammunition.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014).

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of

8

Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 14. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty pleas are accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property used in or involved in the offense.

### 15. The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past 2 years from the date of the defendant's signature on this Plea Agreement. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may

choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that the proceeds of the offenses are subject to forfeiture and cannot be used for any purpose, to include attorney's fees and living expenses.

### 16. Breach of the Plea Agreement and Remedies

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

17. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

G. Zachary Terwilliger
United States Attorney

By: _____
Natasha Smalky
Alexander E. Blanchard
Assistant United States Attorneys

11

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Superseding Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: Nov 3 2020

Freddie Lee McRae

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Superseding Indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: November 3, 2020

Mark H. Bodner, Esq.
Counsel for the Defendant

12