FILED
IN OPEN COURT

NOV -3 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FREDDIE LEE MCRAE,<br><br>Defendant. | Case No. 1:19-CR-268-LMB |

STATEMENT OF FACTS

The United States and the defendant, FREDDIE LEE MCRAE, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On October 27, 2018, the defendant walked into the Bank of America branch located at 8096 Rolling Road in Springfield, Virginia, within the Eastern District of Virginia. At the time, the funds of Bank of America were insured by the Federal Deposit Insurance Corporation (the "FDIC"). The defendant approached one of the tellers, told her that he wished to open an account, and passed her a note. The note requested large bills, indicated that the defendant had a firearm, and threatened that he would "start shooting" if the teller did not comply. In response to the note and the defendant's repeated demands for money, the teller said that she did not have any U.S. currency in her drawer. The defendant left the bank, taking off running.

2. On November 13, 2018, the defendant walked into the Wells Fargo branch located at 1805 Belle View Boulevard in Alexandria, Virginia, within the Eastern District of Virginia. At the time, the funds of Wells Fargo were insured by the FDIC. The defendant

approached a teller, said that he wanted to make a deposit, and handed over a note. The note requested large bills, indicated that the defendant had a firearm, and threatened that he would "[k]ill [a]ll [b]ankers" if the teller did not comply. The teller began to stack small-denomination bills on the counter, at which point the defendant demanded larger bills. The teller opened another drawer before realizing that the defendant was pointing a pistol at him. After the teller exclaimed, "oh my God," one of his colleagues looked up, realized that the bank was being robbed, and began emptying her drawer of larger bills. The defendant then pointed the pistol at the second teller, ordered her to give him the money, and told the first teller to get down on the floor. The defendant fled with approximately $8,750 in U.S. currency that belonged to the bank.

3. On December 10, 2018, the defendant walked into the Burke & Herbert branch located at 5519 Franconia Road in Alexandria, Virginia, within the Eastern District of Virginia. At the time, the funds of Burke & Herbert were insured by the FDIC. The defendant approached a teller, who asked if he wanted to make a deposit. The defendant responded, "gimmie your money," before lifting up his shirt and pulling a pistol from his waistband, which he pointed at the teller. As the teller gathered money, the defendant racked the slide on the pistol and demanded all large bills. The defendant fled with approximately $1,366 in U.S. currency that belonged to the bank.

4. On December 20, 2018, the defendant walked into the BB&T branch located at 5203 Franconia Road in Alexandria, Virginia, within the Eastern District of Virginia. At the time, the funds of BB&T were insured by the FDIC. The defendant strode up to a teller, asked about making a deposit, and passed a note. The note requested large bills, indicated that the defendant had a firearm, and threatened that he would "shoot and kill" if the teller did not comply. At first, the teller struggled to open his drawer, prompting the defendant to utter, "hurry

up, I have a gun." Eventually, the teller opened the drawer and handed over the money. The defendant fled with approximately $2,181 in U.S. currency that belonged to the bank.

5. On January 2, 2019, the defendant walked into the Capital One branch located at 15460 Annapolis Road in Bowie, Maryland. At the time, the funds of Capital One were insured by the FDIC. The defendant approached one of the tellers, opened a folder to display a pistol that was in it, and passed her two notes. Both of the notes requested large bills and indicated that the defendant had a firearm. One of the notes threatened that he would "shoot [b]ankers" if the teller did not comply, while the other threatened that he would "shoot [c]ustomers and [b]ankers" in the same event. The teller opened her drawer and handed over its contents. The defendant fled with approximately $8,998 in U.S. currency that belonged to the bank.

6. On February 11, 2019, the defendant walked into the Capital One branch located at 3532 Columbia Pike in Arlington, Virginia, within the Eastern District of Virginia. At the time, the funds of Capital One were insured by the FDIC. He approached a closed teller's window and then left the bank. The defendant returned a short while later, approached a different teller's window, and presented a note. The note requested large bills, indicated that the defendant had a firearm, and threatened that he would "shoot" if the teller did not comply. The defendant also displayed an envelope containing a pistol. The teller did not give any money to the defendant, who subsequently fled the bank.

7. On April 21, 2019, the defendant walked into the Legend Kicks & Apparel store located at 2609 Columbia Pike in Arlington, Virginia, within the Eastern District of Virginia. At the time, Legend Kicks & Apparel was engaged in and affected interstate commerce. The defendant brandished a pistol, demanded that two store employees empty their pockets, and took one employee's fanny pack containing his wallet. The defendant ordered the two employees to

3

lie on the floor, which they did, and the defendant then took from the cash register approximately $2,160 in U.S. currency that belonged to the store. The defendant fled the store on foot and the area by vehicle. When a law enforcement officer tried to stop the vehicle, the defendant stopped only briefly before leading the officer and his colleagues on a vehicle pursuit northbound on the George Washington Memorial Parkway. The defendant ultimately jumped out of his moving vehicle prior to it crashing and sinking into the Potomac River. The defendant tried to flee law enforcement by jumping into the river, but officers pulled him out and placed him under arrest. Thereafter, officers recovered a number of items, including, from the defendant's person, the wallet of the employee whose fanny pack the defendant had taken.

8. The defendant's robbery of Legend Kicks & Apparel unlawfully obstructed, delayed, and affected commerce as that term is defined in 18 U.S.C. § 1951. In addition, by using and brandishing a firearm during the robbery, the defendant obtained property from employees of Legend Kicks & Apparel against their will by means of actual or threatened force, violence, and fear of immediate and future injury to their persons while they engaged in commercial activities as employees of the store.

9. On or about April 29, 2019, following his arrest and while he was in the Eastern District of Virginia, the defendant instructed an individual to destroy the defendant's cell phone and acted with the intent to impair its integrity and availability for use in an official proceeding. The individual did, in fact, destroy the defendant's cell phone.

10. On or about May 2, 2019, the defendant, while he was in the Eastern District of Virginia, instructed a second individual to delete communications contained within a cell phone and acted with the intent to impair their integrity and availability for use in an official proceeding. The individual did, in fact, delete those communications.

11. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

12. This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13. This Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant, regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that he might have under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, the United States Constitution, and any federal statute or rule in objecting to the admissibility of this Statement of Facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Natasha Smalky
Alexander E. Blanchard
Assistant United States Attorneys

After consulting with my attorney and pursuant to the Plea Agreement entered into this day between the defendant, FREDDIE LEE MCRAE, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
FREDDIE LEE MCRAE

I am Mark H. Bodner, Esq., the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Mark H. Bodner, Esq.
Attorney for FREDDIE LEE MCRAE

6