IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

        v.                      No. 1:19-CR-268 LMB

FREDDIE LEE McRAE             Judge Leonie M. Brinkema

        Defendant           Sentencing: April 6, 2021

<u>DEFENDANT FREDDIE LEE McRAE'S SENTENCING MEMORANDUM</u>

Defendant Freddie Lee McRae, by counsel, respectfully submits his memorandum for the Court's consideration with respect to sentencing.  Mr. McRae asks this Court to impose the sentence recommended in his plea agreement with the United States, filed herein.  The proposed, agreed sentencing recommendation is based entirely on mandatory minimum terms of imprisonment under 18 U.S.C. § 924©.  Relevant factors under 18 U.S.C.A. § 3553(a), the facts of this case, Mr. McRae's personal circumstances, characteristics, and his history show that such a sentence would be sufficient, but not greater than necessary to achieve the ends of justice.

<u>18 U.S.C. § 3553a sentencing considerations</u>

(1)  <u>Nature and circumstances of offenses</u>

Defendant Freddie Lee McRae pled guilty to Counts Two, Six and Nine of the October 3, 2019 Superseding indictment, each charging his use and brandishing of a firearm during and in relation to a crime of violence.  Under Count Two Mr. McRae's use

of a firearm occurred at the Legends Kicks & Apparel shoe store in Arlington County, from which he had taken approximately $2,160.00.  Count Six involved his display of a firearm at Wells Fargo Bank in Fairfax County from which he took $8,750.00.  In the offense set forth in Count Nine Mr. McRae showed a gun before taking $1,366.00 from a teller at a Burke and Herbert Bank location in Fairfax County.

It is should be noted, and the charge in each Count already reflects that Mr. McRae did not discharge the firearm during any of the offenses.  In fact, the Government's discovery did not disclose whether or not the firearm(s) employed was/were loaded at the time of the offenses.

Mr. McRae furtively showed the firearm to the Bank tellers, and did not set off a general panic amongst employees or customers of these businesses.  Mr. McRae showed, but did not point the firearm at employees of the Legends shoe store, where within a minute of his entry he went directly to the cash register.  He did take a fanny pack containing a wallet from a young employee of the store, which law enforcement recovered upon his arrest.  This entire encounter at Legends took place within a minute or two.

The Court will be reminded that following a short chase on the George Washington Parkway on April 21, 2019 Mr. McRae abandoned his vehicle and attempted to evade arrest by jumping

into the Potomac River and moving a few feet away from the bank of the river toward Washington, D.C.  It is not clear that Mr. McRae knew how to or was able to swim.  In any event his effort to escape apprehension was desperate, but hardly realistic.

The Arlington County General District Court ordered Mr. McRae evaluated for competence shortly following his arrest. Subsequently that Court sent him to Western State Hospital in Staunton, Virginia for evaluation and treatment regarding his mental status.  He remained there for nearly three months.

Personal history and circumstances

Mr. McRae is 35 years old.  He grew up in his mother's, aunt's and grandmother's homes in Washington, D.C. and the Maryland suburbs.  He had very limited contact with his father who died in 2006 or 2007.  Mr. McRae's half brother was raised in his father's home, and he was not close to him.  Mr. McRae experienced emotional and physical abuse as a child.  He recalled being hit and kicked by his mother.  He was often hungry.  His mother sometimes withheld food as a form of punishment.  When his mother could not afford to pay the bills their utilities were regularly disconnected.  Mr. McRae's mother's friends sexually abused him when he was five, eight and twelve years old.

The neighborhoods Mr. McRae grew up in Washington, D.C. were violent and unsafe.  He stopped attending high school during his freshman year.  From the age of seventeen he began to live with

friends moving from house to house.

Mr. McRae takes medicine for high blood pressure in addition to prescribed medications he receives for treatment of depression and symptoms of schizophrenia.  These medications are specified in the pre-sentence report (PSR), filed herein.  In the fall of 2019, upon the request of Mr. McRae's counsel, this Court appointed Dr. Michael Hendricks, an experienced forensic and clinical psychologist to conduct competence to stand trial and mental status at time of offense examinations.  Dr Hendricks set forth his diagnoses of Mr. McRae in his brief report of psychological evaluation to aid court in sentencing.  This report is attached to and made a part of the PSR at the request of your undersigned counsel.

Mr. McRae has a relationship with his mother who has been supportive of him throughout the life of this case.  He was briefly employed at a nursery and at Home Depot.  He has not held any substantial employment over the last 10 years, which time has been punctuated by periods of his incarceration in Maryland.  Mr. McRae was sexually assaulted during service of a term in one Maryland prison.

Partly because of his limited education Dr. Hendricks found that Mr. McRae's cognition is impaired, further reducing his ability to function effectively.

It is sometimes observed that certain individuals are

4

capable of summoning extraordinary, personal resources to overcome significant obstacles in life.  In addition to the economic, emotional and educational deprivations that Mr. McRae experienced from childhood to the present he has had also had to live day to day with a significant, debilitating mental illness that has for most of his life largely gone untreated.

Mr. McRae entered into a plea agreement with the Government, accepting responsibility for his criminal behavior and saving it and the Court substantial resources.

Other factors under 18 U.S.C. § 3553(a) exist to help guide the Court reach a just sentence, including

(2) the need for the sentence imposed to -

(A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

Mr. McRae's offenses are serious.  The mandatory minimum sentences recommended to the Court by the Government and Mr. McRae, imposed in sequence, were designed by Congress to and will certainly effect each of these sentencing goals.  These are lengthy sentences that impose severe punishment.  Mr. McRae is 35 years old and, after allowance of credit for time served, will be in his early fifties by the time he has completed his sentence, if the recommended sentence is imposed.

(B) to afford adequate deterrence to criminal conduct.

As shown immediately above the proposed sentence affords more than adequate deterrence.

© to protect the public from further crimes of the defendant.

Mr. McRae will be incapacitated by reason of the proposed sentence.  It bears repeating that, taking into consideration the number of offenses Mr. McRae was charged with, not one person sustained even a minor physical injury as a result of his crimes. This is not to diminish the fear that victims of his offenses experienced as a result of his crimes.  Congress obviously considered this factor when it stepped up the mandatory minimum penalty for each behavioral subset of the 924© offense from possession of a firearm, to brandishing such a weapon to the discharge of the same.

Moreover the law requires that Mr. McRae's life will be governed further by significant periods of supervised release following service of his terms of imprisonment.

(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

This is an especially important factor in consideration of the sentence to be imposed in this case.  Mr. McRae would certainly benefit from the availability of educational programs and vocational training should he develop the motivation and

6

discipline to take advantage of the same.

In addition an essential element for Mr. McRae's successful rehabilitation will be his assignment to an institution that has professional staffing and the programs necessary to provide him with needed treatment for his significant mental illness.  What is known about Mr. McRae's history is that he has not had the guidance, direction and/or motivation to seek out such treatment while living on the streets.  Dr. Hendricks ascertained that Mr. McRae often self-medicated with street drugs.  He accepted treatment, specifically including medications, while incarcerated during service of his state sentences in Maryland and in placements following his April 21, 2019 arrest.  Such treatment was given in the Arlington ADC, Western State Hospital and the Alexandria ADC.

(3) <u>the kinds of sentences available</u>

For each of the three 18 U.S.C. Section 924© offenses to which Mr. McRae has entered his guilty pleas, the statute requires a minimum, mandatory term of seven (7) years imprisonment and five (5) years of supervised release.  There are no alternatives to these sentences, though the maximum term of imprisonment is life for each count of conviction.

Mr. McRae respectfully suggests that any sentence including time above the mandatory minimum sentences required would be unduly harsh and unproductive for rehabilitative purposes.

7

(4) and (5) applicable guideline calculation and policy
statements

In this case the applicable guideline sentence is determined by the statute of the offense.

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct

Mr. McRae has no co-defendants in these offenses.

To the extent that this sentencing factor takes into consideration all other defendants charged with a 924© offense it seems logical to assume that the minimum mandatory term of imprisonment evens out the punishment imposed on many, if not most persons convicted of the charge.  This would be due to the following factors:  it provides a floor of punishment;  the minimum penalty authorized is severe;  and it is often imposed in conjunction with another term of imprisonment resulting from conviction of the related, predicate offense.

(7) the need to provide restitution to any victims of the offense

Mr. McRae's plea agreement provides for his making restitution to the commercial victims of his offenses.  The amounts and payee victims is again shown in a chart included in the United States' position on sentencing.  This element of any sentence the Court ultimately imposes would be satisfied here.

<u>Conclusion</u>

For all of the foregoing reasons defendant Freddie Lee McRae respectfully requests that this Court impose a sentence of imprisonment in accordance with the recommendations set forth in his plea agreement.  Such sentence would be sufficient, but not greater than necessary to promote the interests of justice.

Respectfully submitted,

Freddie Lee McRae, defendant,
    by counsel

 /s/ Mark Bodner
Mark Bodner, Esquire
4041 University Drive
    Suite 403
Fairfax, Virginia 22030-3411
counsel for defendant
    Freddie Lee McRae
(703) 385-6667
fax (703) 385-6654
Virginia Bar No. 19516
rendob@gmail.com

<u>Certificate of Service</u>

I certify that on the 1st day of April, 2021 I will electronically file the foregoing defendant Freddie Lee McRae's sentencing memorandum with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Natasha Smalky, Esquire
        Assistant United States Attorney
        Alexander Blanchard, Esquire
        Assistant United States Attorney
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Natasha.Smalky@usdoj.gov
        Alexander.Blanchard@usdoj.gov


                        /s/ Mark Bodner
                        Mark Bodner, Esquire
                        4041 University Drive
                          Suite 403
                        Fairfax, Virginia 22030-3411
                        counsel for defendant
                          Freddie Lee McRae
                        (703) 385-6667
                        fax (703) 385-6654
                        Virginia Bar No. 19516
                        Rendob@gmail.com

10